IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL MORENO MORALES,

Plaintiff

v.                                                             CIVIL 98-2337 (CCC)
                                                                    (CRIMINAL 87-0070 (CCC))

UNITED STATES OF AMERICA,

Defendant

## ORDER

This matter is before the court on second or successive petition under 28 U.S.C. § 2255 filed by petitioner Rafael Moreno Morales on November 30, 1998. (Docket No. 3.) The first petition under section 2255 was denied. See Moreno-Morales v. United States, 976 F.2d 724 (1st Cir. 1992) (unpublished opinion). A subsequent habeas corpus was also denied. See Moreno-Morales v. United States Parole Comm'n, 141 F.3d 1149 (1st Cir. 1998). Plaintiff filed an amended petition to vacate or set aside judgment on January 14, 2000. (Docket No. 18.)

Petitioner relates a variation of the "Cerro Maravilla" saga, focusing on the impact of the grand jury and commonwealth senate testimonies of Miguel Cartagena Flores, which testimony lead in part to his indictment on February 6, 1984. Petitioner was charged with conspiracy to obstruct justice and a criminal investigation, conspiracy to give false

CIVIL 98-2337 (CCC)                                     2
(CRIMINAL 87-0070 (CCC))

testimony in depositions and before federal grand juries, and conspiracy to suborn perjury. He was also charged with substantive counts of perjury and suborning perjury for testimony given before the federal grand juries and depositions taken in the federal civil rights action. See United States v. Moreno-Morales, 815 F.2d 725 (1st Cir. 1987). Petitioner notes that Miguel Cartagena Flores (hereinafter "Cartagena Flores") was the key witness of the prosecution in reconstructing what happened on Cerro Maravilla on the day that Arnaldo Darío Rosado and Carlos Soto Arriví were executed by police officers. Petitioner notes further that because of Cartagena Flores' testimony and that of José Montáñez, he was found guilty and sentenced to 30 years in prison.

Petitioner Moreno Morales makes several arguments in the present habeas corpus petition. First, he argues that there is "newly discovered evidence" that might "rise to the level of materiality that would be likely to cause a different result at a new trial." Barret v. United States, 965 F.2d 1184, 1195 (1st Cir. 1992) (citing United States v. Benaventura-Gómez, 921 F.2d 378, 383 (1st Cir. 1990)). This "new evidence" consists of a recent probe by Puerto Rico's senate conducted on December 2, 1996 in which Cartagena Flores admitted that he lied during the Cerro Maravilla investigation, specifically during the federal case relative to petitioner's conviction.

CIVIL 98-2337 (CCC) 3
(CRIMINAL 87-0070 (CCC))

Secondly, petitioner alleges that the prosecution failed to provide him with several sworn statements made by Cartagena Flores in violation of Brady v. Maryland, 373 U.S. 83 (1963). For example, it appears from the record that the defense was never provided with the multiple polygraph tests given to Cartagena Flores. It is not obvious from the record now before me that the omission of the aforementioned "impeachment evidence" is not of sufficient materiality to call for a new trial. See, e.g., United States v. Sánchez, 917 F.2d 607, 617 (1st Cir. 1990); United States v. Imbruglia, 617 F.2d 1, 4 (1st Cir. 1980), cert. denied, 499 U.S. 977 (1991).

Thirdly, petitioner suggests that there might have been prosecutorial misconduct during his trial. Moreno-Morales claims that the federal prosecutor pressured him by saying that he was not passing the polygraph tests when he said that he was not at the scene of the crime and threatened to take away his immunity.

In summary, because the record now before the court does not show that petitioner Moreno-Morales' claims are inadequate on their face, an evidentiary hearing on the merits of this case is set for November 6, 2000 at 9:30 a.m.

That my impartiality not be questioned, the parties are put on notice that in March, 1981, during the investigation of the Cerro Maravilla murders, I briefly held the position of Trial Attorney, Criminal Section, Civil Rights Division, United States Department of

AO 72
(Rev. 8/82)

CIVIL 98-2337 (CCC)                                    4
(CRIMINAL 87-0070 (CCC))

Justice in Washington, D.C. My direct supervisor was Deputy Section Chief Steve Clark who recruited me for the position. Criselda Ortiz was a trial attorney in the same section. I did not work directly or indirectly on the Cerro Maravilla investigation.

In San Juan, Puerto Rico, this 25th day of September, 2000.

*[signature]*
JUSTO ARENAS
United States Magistrate Judge

S/C: R. Moreno
     I. Valdejuli

SEP 28 2000

AO 72
(Rev 8/82)